IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 94-10038-JWB

JOHN W. BOLTON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 224.) The government has filed a response. (Doc. 228.) After Defendant filed his motion, Assistant Federal Public Defender Kayla Gassmann entered an appearance and filed a reply to the motion on Defendant's behalf. (Doc. 229.) The motion is now ripe for decision. For the reasons stated herein, the motion for sentence reduction is DENIED.

**I.    Background**

Defendant was charged in an April 20, 1994, indictment with four counts of Hobbs Act robbery, 18 U.S.C. § 1951; four counts of unlawful use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c); one count of fraudulent possession of credit cards, 18 U.S.C. § 1029(a); and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Doc. 31.) On September 6, 1994, a jury convicted Defendant on all counts. (Doc. 85.) On December 28, 1994, the Hon. Patrick F. Kelly sentenced Defendant to 85 years imprisonment[1], three years of

---

[1] Specifically, Defendant was sentenced to 20 years for the robbery counts and 10 years for the credit cards and felon in possession counts, to be served concurrently. Defendant was sentenced to five years for the initial unlawful use of a firearm count and 60 years for the remaining unlawful use counts, all to run consecutively to the previous sentences imposed. (Doc. 99 at 2.)

supervised release, a special assessment of $500, and restitution in the amount of $5, 441.93. (Doc. 99.)

On July 26, 2021, Defendant filed a motion under 18 U.S.C. § 3582(c)(1)(A) arguing a sentence reduction is warranted due to the disparity between the mandatory sentence he received and the lower sentence he would face now. (Doc. 229 at 4.) Additionally, Defendant argues his age, length of time served, and rehabilitation warrants a sentence reduction. (*Id*.) The government opposes the motion on the basis that the sentencing factors do not weigh in favor of a sentence reduction. (Doc. 228 at 10.)

## II.     Legal Standards

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a sentence reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, No. 20-3223, 2021 WL 3520599, at *1 (10th Cir. Aug. 11, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit recently endorsed a three-step test for deciding motions under § 3582(c)(1)(A). *Id*. at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).

If a defendant has administratively exhausted his claim[2], the court may reduce a sentence if three requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any requirement is lacking, and the court need not address the other requirements. *Id*. at 1043. But all the requirements must be addressed when the court grants a motion for release under the statute. *Id*.

The Tenth Circuit has held that the court has independent discretion to determine whether a defendant has shown "extraordinary and compelling reasons" that warrant a reduction. *See McGee*, 992 F.3d at 1044, 1048. "[E]xtraordinary" means "exceptional to a very marked extent." *United States v. Ford*, No. CR 10-20129-07-KHV, ___ F. Supp. 3d ___, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) ((quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020)) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020))). Although not binding on this court, the Sentencing Commission has recognized that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories. *Id*. (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)); *United States v. Carr*, No. 20-1152, 851 F. App'x. 848, 853-54 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

---

[2] The government concedes that Defendant has exhausted his administrative remedies. (Doc. 228 at 5, n. 5.)

With respect to the second requirement (whether a reduction is consistent with applicable policy statements), the Tenth Circuit has held that the current Sentencing Commission policy statement on extraordinary circumstances does not constrain a court's discretion to determine whether circumstances are extraordinary and compelling because that provision applies only to motions filed by the Director of the BOP, not to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

**III.   Analysis**

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *McGee,* 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant, along with his cohorts, engaged in a series of armed robberies of businesses and individuals over the course of a month. As noted in the presentence report, Defendant was considered the ringleader and planner of the robberies. Likewise, Defendant is noted as performing the brunt of the active role during the commission of the robberies. This active role included Defendant putting his gun to the victims' heads and cocking it if they did not respond to his threats. Defendant's offenses were extremely serious, and he has a significant prior

history of criminal conduct. A review of the presentence report shows that Defendant was convicted, as an adult, of shoplifting at age 16. Following that, Defendant quickly accumulated two convictions for felony theft at ages 18 and 20. Defendant continued his history of theft-related crimes with convictions for two counts of aggravated robbery at age 26. From the ages of 18 to 39, Defendant was sporadically incarcerated for approximately 11 years of his life. While Defendant points to his age as a reason supporting release, the court is mindful of the fact that Defendant committed the underlying offenses at the age of 39; a far cry from being a rebellious youth. Any sentence Defendant received was sure to carry over into his later years.

Additionally, Defendant has served approximately 27 years of his sentence, which is less than half of his original sentence. Currently, Defendant's earliest projected release date is September 2066. Defendant argues that the sentencing factors support a reduction to time served because he is not the same person at 66 as he was in his late 30s. Defendant's accomplishments and goals are commendable. However, these considerations must be weighed with the other sentencing factors. On balance, they do not support the significant reduction Defendant seeks.

Reducing the Defendant's sentence would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. The court finds that the imposed sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense. Accordingly, Defendant's motion to reduce his sentence is denied.

IV.     **Conclusion**

Defendant's motion for sentence reduction under § 3582 is DENIED.  (Doc. 224.)

IT IS SO ORDERED this 15th day of September 2021.

                                           _s/ John W. Broomes_
                                           JOHN W. BROOMES
                                           UNITED STATES DISTRICT JUDGE