IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 94-cr-10038-1-JWB

JOHN W. BOLTON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 241.) The motion is fully briefed and ripe for decision. (Docs. 241, 242, 243.) The motion is denied for the reasons stated herein.

**I.   Facts**

On September 6, 1994, Defendant was convicted by a jury sitting in Wichita, Kansas, of four counts of Hobbs Act robbery, four counts of using a firearm in furtherance of a crime of violence, one court of fraudulent possession of credit cards, and one count of felon in possession of a firearm. (Docs. 85, 99.) On December 28, 1994, the Hon. Patrick F. Kelly sentenced Defendant to 85 years imprisonment, three years supervised release, a special assessment of $500, and restitution in the amount of $5,441.93. (Doc. 99.) The Tenth Circuit affirmed Defendant's convictions and resulting sentence. *United States v. Bolton*, 68 F.3d 396 (10th Cir. 1995). The United States Supreme Court denied review. *Bolton v. United States*, 516 U.S. 1137 (1996).

Defendant later filed a motion for post-conviction relief pursuant to 18 U.S.C. § 3582(c)(1)(A) and The First Step Act. (Doc. 224). The court denied the motion. (Doc. 23.) Defendant then filed a second, unopposed motion for compassionate release based on amendments

1

to 18 U.S.C. § 924(c) which statutorily modified *Deal v. United States*, 508 U.S. 129 (1993). (Doc. 238.) In his motion, Defendant argued these amendments would reduce his 60-year sentence for the additional three § 924(c) counts to 15 years. (*Id*. at 3–5.) Given that the government did not oppose the motion, the undersigned granted the motion and reduced his sentence from 85 years to 40 years. (Docs. 239, 240.)

On October 10, 2025, Defendant filed a third motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the U.S. Sentencing Guideline § 1B1.13. (Doc. 241.) Defendant requests compassionate release "based on [his] age, length of time, rehabilitation, programing, and religious service." (*Id*. at 5.) The government opposes the motion, arguing that Defendant has not exhausted his administrative remedies and that he has not established an "extraordinary and compelling" reason for relief. (Doc. 242.) Defendant replied by stating that he attached his proof of exhaustion to his original motion. (Doc. 243.)

**II.    Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*. Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Exhaustion is mandatory.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A).  *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*.  A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements.  *Id*. at 1043.  But all requirements must be addressed when the court grants a motion for release under the statute.  *Id*.

**III.   Analysis**

**A.  Exhaustion**

To consider a motion for a sentence reduction, Defendant must first exhaust his administrative remedies at the BOP.  *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020).  The government asserts that Defendant has not presented any evidence of filing a request for a sentence reduction with the warden at his current BOP facility. (Doc. 242 at 4–5.)  Therefore, the government argues that Defendant's motion should be denied as he has failed to demonstrate proof of exhaustion.  However, upon review of Defendant's motion for a sentence reduction, he indicated in his motion that he filed a request for a sentence reduction with BOP, and he also checked the box that he had not received a response. (Doc. 241 at 3.)  More importantly, he also

3

attached an email sent to prison staff requesting a "review for time served pursuant to 18 USC section 3582(c)(1)(A)" on April 11, 2025. (Doc. 241-1 at 7.) In that email, he set forth five specific sets of facts that he argued amounted to extraordinary and compelling reasons for a sentence reduction under the statute. The government does not address this email nor argues that it is insufficient under the statute. Thirty days have passed since Defendant sent that email. 18 U.S.C.A. § 3582(c)(1)(A). Thus, although the facts around this exhaustion effort aren't entirely clear, for purposes of the present motion the court concludes that Defendant has sufficiently satisfied the exhaustion requirement.

### B. Section 3582 claims

The court will address each of the arguments raised by Defendant in the order they are presented in his motion.

First, Defendant requests compassionate release based on his age and on his length of time served. He contends that he is now 70 years old, and he has served more than 30 years of his sentence so far. There are two relevant sections of the U.S.S.G. § 1B1.13 that relate to age and length of time served. In § 1B1.13(a)(1), the applicable policy statement for compassionate relief states a defendant is eligible for a reduction in a term of imprisonment if:

> (A)  extraordinary and compelling reasons warrant the reduction; or
> (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]

Defendant does not qualify under subsection (B) because he is not sentenced to a life sentence under 18 U.S.C. § 3559(c), and he admits as much in his motion. (Doc. 241 at 4.) The court must determine then if he qualifies under subsection (A). In U.S.S.G. § 1B1.13(b), the guideline policy statement lays out various qualifying extraordinary and compelling reasons for compassionate release. In § 1B1.13(b)(2), the guideline states the requirement for age to be an extraordinary and

4

compelling reason:

> <u>Age of the Defendant</u>.—The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

In the present motion, Defendant is 70 years old and has served more than 75% of his term of imprisonment; however, he does not contend in his motion that he is experiencing deterioration in his physical or mental health due to his age. As such, his age does not qualify as an extraordinary and compelling reason for compassionate release.

Second, Defendant contends that he has taken steps to rehabilitate himself while incarcerated, including "programming throughout all of [his sentence]," working to change his life "to make a positive impact [on] society," and helping other inmates as a Jehovah's Witness. (Doc. 241-1 at 7.) While these behaviors are commendable and work in his favor for purposes of this analysis, they do not independently create an extraordinary or compelling reason for release. U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason.").

Since Defendant has failed to demonstrate any extraordinary or compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), his motion for sentence reduction must be denied. *McGee*, 992 F.3d at 1043. Although the court need not address the section 3553(a) sentencing factors given this decision, the court would further find that the sentencing factors do not weigh in favor of a sentence reduction for the reasons set forth by the sentencing court at sentencing and for the reasons set forth by the government.

### IV. Conclusion

Therefore, given that Defendant has not shown an extraordinary and compelling reason for a reduction in his sentence, Defendant's motion for a sentence reduction (Doc. 241) is DENIED.

IT IS SO ORDERED.  Dated this 29th day of October, 2025.

                                                 __s/ John W. Broomes_____
                                                 JOHN W. BROOMES
                                                 CHIEF UNITED STATES DISTRICT JUDGE